FILED

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

2017 APR 10 PM 2: 55

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

DYLAN MUTTY,                                                    CASE NO.:

    Plaintiff,

3:17-cv-411-J-32JBT

vs.

CONVERGENT OUTSOURCING, INC.,                    DEMAND FOR JURY TRIAL

    Defendant,

_____/

**COMPLAINT**

**COMES NOW**, Plaintiff, DYLAN MUTTY (hereafter "Plaintiff"), by and through

undersigned counsel, and hereby sues Defendant, CONVERGENT OUTSOURCING, INC.,

(hereafter "Defendant"), and states as follows:

**PRELIMINARY STATEMENT**

This action arises out of Defendant's violations of the Florida Consumer Collection

Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), the Fair Debt Collection

Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer

Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

**JURISDICTION AND VENUE**

1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by

28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA

and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action,

is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.      Plaintiff is an individual residing in Duval County, Florida.

5.      Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2) and the FDCPA, 15 U.S.C. § 1692(a)(3).

6.      Defendant is a foreign profit corporation as registered with the Florida Department of State, Division of Corporations.

7.      Defendant is a "debt collector," as defined by the FCCPA, Fla. Stat. § 559.55(7) and FDCPA, 15 U.S.C. § 1692a(6), and does business throughout the state of Florida, including Duval County, Florida.

8.      Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9.      The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Duval County, Florida, by the Defendant's placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

10.     Defendant, at all material times, was attempting to collect a debt relating to a Citizens One account, Account No. ending in –9243 (hereafter the "Account").

11.     The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6) and FDCPA, 15 U.S.C. §1692a(5).

12.     The last payment on the account was made on or about August 2009 and there has been no activity on the Account since then.

13.     On July 22, 2016 at 12:49 P.M., Plaintiff received a phone call from Defendant to collect a debt relating to the Account. During the telephone call, Plaintiff advised Defendant to stop calling his cellular telephone.

14.     The phone call made by Defendant on July 22, 2016 is more than five years past the last date of activity on the Account that occurred in August 2009 and is therefore past the statute of limitations to collect a debt pursuant to Fla. Stat. §95.11(2)(b).

15.     Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on July 22, 2016, when Plaintiff verbally advised Defendant to stop calling his cellular telephone.

16.     Plaintiff is the regular user and carrier of the cellular telephone number ending in -7385 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

17.     Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted on July 22, 2016.

18.     Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls.

19.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone up to one (1) time per day from July 22, 2016 through August, 2016.

20.     Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

21.     Plaintiff did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

22.     The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

23.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

24.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

25.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

26.     Plaintiff incorporates all allegations in paragraphs 1-25 as if stated fully herein.

27.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

28.     Defendant violated Florida Statute § 559.72(9) when Defendant knowingly claimed, attempted and threatened to enforce a debt when Defendant knew that the debt was not legitimate; or asserted the existence of some other legal right when Defendant knew that the right did not exist.

29.     Specifically, Defendant attempted to collect a debt that it knew it could not legally enforce because it was barred by the statute of limitations and failed to advise Plaintiff the statute of limitations had passed.

4

**WHEREFORE,** Plaintiff, DYLAN MUTTY, demands judgment against Defendant, CONVERGENT OUTSOURCING, INC., for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.      any other relief the court deems just and proper.

## COUNT II
## VIOLATION OF THE FDCPA, 15.U.S.C. §1692e

30.      Plaintiff re-alleges and incorporates paragraphs 1-25 above as if fully stated herein.

31.      Defendant is subject to, and has violated the provisions of 15 U.S.C. §1692e, e(2)(A), and e(10) by using false, deceptive, or misleading means or representations in attempting to collect the consumer debt.

32.      Specifically, Defendant actions, as described herein, were an unlawful attempt to deceive and mislead Plaintiff into paying a debt after the statute of limitations had run and was otherwise uncollectable.

33.      The act of contacting Plaintiff via cellular telephone to demand payment of an uncollectable debt that is past the statute of limitations and failing to advise Plaintiff that the alleged debt could not be legally enforced in court due to passage of the statute of limitations is a deceptive and misleading representation or means of collecting a debt.

5

**WHEREFORE**, Plaintiff, DYLAN MUTTY, demands judgment against Defendant, CONVERGENT OUTSOURCING, INC., for the following relief:

      a.     any actual damages sustained by Plaintiff as a result of the above allegations;

      b.     statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

      c.     in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

      d.     any other relief the court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

34.     Plaintiff incorporates all allegations in paragraphs 1-25 as if stated fully herein.

35.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

36.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

37.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

38.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, DYLAN MUTTY, demands judgment against Defendant, CONVERGENT OUTSOURCING, INC., for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of

$500.00 for each of the independent violations occurring after July 22, 2016;

b.      an increase in the amount of the award to an amount equal to three times

the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent

violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: _April 6, 2017_                              **BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**